## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### Austin Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 1:13-cv-00937 |
| v. | ) | |
| | ) | |
| PATRICK J. TIMPONE, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES OF AMERICA'S COMPLAINT

The United States of America files this Complaint against Patrick J. Timpone as requested by a duly authorized delegate of the Secretary of the Treasury of the United States of America and directed on behalf of the Attorney General of the United States of America pursuant to 26 U.S.C. §§ 7401, 7402, and 7405, and alleges as follows:

### NATURE OF ACTION

1.  This is a civil action to recover an erroneous refund of taxes related to tax year 2007 in the amount of $687,215 and additional interest allowable by law under 26 U.S.C. §§6602, 6621 and 28 U.S.C. §1961(c)(1).

### JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1340, 1345 and 26 U.S.C. §§7402(a), 7405(a)-(b).

3.  Venue of this action properly lies in this district pursuant to 28 U.S.C. §§1391(b), 1396.

### THE PARTIES

4.  Plaintiff is the United States of America.

768167.1

5. Defendant Patrick J. Timpone is the taxpayer in this action residing in Dripping Springs, Texas.

## THE ERRONEOUS REFUND

6. Defendant filed a 2007 Form 1040 return with Forms 1099-OID on October 15, 2008. These Forms 1099-OID reflected inflated withholding amounts that resulted in the IRS issuing an erroneous refund.  IRS records show no such income or withholding amounts being reported from any of the purported sources listed on the Forms 1099-OID.  The IRS has determined that this 1099-OID scheme to be frivolous in nature and published this determination in public Notice 2010-33.

7. Based on Timpone's Form 1040 for 2007, the IRS issued a refund check in the amount of $687,215.  The refund check is dated October 31, 2008, but IRS transcripts reflect that the check was issued on November 3, 2008.   The taxpayer deposited the refund check into his account on November 12, 2008.

8. As of September 1, 2013, the total amount, including interest, owed by Mr. Timpone on this erroneous refund is $820,308.

## COUNT I (ERRONEOUS REFUND)

9. The United States incorporates the allegations in paragraphs 1 through 8 by reference.

10. To recover an erroneous refund, the United States must prove the following: (1) that a refund was paid to the taxpayers; (2) the amount of the refund paid; (3) that the recovery action was timely; and (4) that the taxpayers were not entitled to the refund. *Johnson v. United States*, 228 F. Supp. 2d 1218, 1221 (D. Col. 2002.), *aff'd*, *Johnson v. United States*, 76 Fed. Appx. 873 (10th Cir. 2003); *see also United States v. Daum*, 968 F. Supp. 1037, 1041-1042 (W.D. Pa. 1997) (citing *United States v. Commercial*

*National Bank of Peoria*, 874 F.2d 1165, 1169 (7th Cir. 1989)).  The United States has two years from receipt of the refund by the taxpayer or five years if any part of the refund was induced by fraud or misrepresentation of a material fact to file its complaint for erroneous refund.  *See* 26 U.S.C. §§6532(b), 7405(d); *United States v. Carter*, 906 F.2d 1375, 1377 (9th Cir. 1990).

11. On or after October 31, 2008, Patrick Timpone received an erroneously issued refund in the amount of $687,215.

12. IRS records do not reflect that any of the third party payers reported withholding credits to the IRS.  The only evidence that the taxpayer had withholding credits from third party payers are documents prepared by the taxpayer.

13. The taxpayer misrepresented the fact that he had withholding credits from the third party payers listed on his Form 1040.  As such, the five year limitations period in which to bring an erroneous refund suit applies.

## COUNT II (TEN PERCENT SURCHARGE FOR COSTS OF COLLECTION)

14.  28 U.S.C. §3011 authorizes the United States to recover a surcharge of 10% of the amount of the debt in the event that the United States avails itself of the pre-judgment or post judgment relief as set for in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§3001 *et. seq.*, in order to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

WHEREFORE, the United States of America prays for the following relief:

A. That the Court find that the sum of $687,215, plus interest as provided by law, was erroneously refunded to Patrick J. Timpone and that he is indebted to the United States of America for amounts erroneously refunded.

768167.1

B.  That the Court find that Patrick J. Timpone is liable to the United States for 10% of the amount of the determined debt in the event that the United States avails itself of the pre-judgment or post-judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§3001 *et. seq.*; and

C.  That the Court grant the United States such other and further relief as is just and proper, including its costs of this action.

JOHN E. MURPHY
United States Attorney


__/s/ Michelle C. Johns_____
MICHELLE C. JOHNS
Attorney, Tax Division
State Bar No. 24010135
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9762
214-880-9741-fax
Michelle.C.Johns@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

768167.1